**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

REBECCA LYNN KLEIN,

                Plaintiff,                Case Number: 09-13516

v.                                             AVERN COHN
                                                 UNITED STATES DISTRICT COURT

COMMISSIONER OF SOCIAL SECURITY,

                                                 VIRGINIA M. MORGAN
               Defendant.             UNITED STATES MAGISTRATE JUDGE

_____/

**REPORT AND RECOMMENDATION GRANTING THE COMMISSIONER'S MOTION
FOR SUMMARY JUDGMENT (DOC. NO. 11) AND DENYING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT (DOC. NO. 10)**

**I. Introduction**

Plaintiff, Rebecca Lynn Klein, appeals the Social Security Commissioner's unfavorable decision denying her benefits. This case comes before the court on the parties' cross-motions for summary judgment. For the reasons stated below, the court recommends that the Commissioner's motion for summary judgment be **GRANTED**, that plaintiff's motion for summary judgment be **DENIED**, and that plaintiff's complaint be **DISMISSED WITH PREJUDICE**.

**II. Background**

On November 15, 2006, plaintiff filed applications for Social Security for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI), claiming disability since 2002 based on the following conditions: fibromyalgia, neuropathy, vertigo, anxiety, carpal tunnel, herniated cervical discs, sleep apnea, and bursitis. (Tr. 115-120, 139). Plaintiff was 40 years old when she applied for benefits. (Tr. 113). This is her second time applying for disability benefits;

1

she previously applied for benefits claiming a disability date of March 11, 2000. (Tr. 118). Plaintiff's previous applications were denied on September 11, 2002. (Tr. 118).

Plaintiff's instant applications for benefits were denied on March 23, 2007. (Tr. 79, 84). Plaintiff filed a timely notice for a hearing. (Tr. 88). On March 10, 2009, Administrative Law Judge Michael F. Wilenkin held a hearing at which plaintiff was represented by counsel. (Tr. 31). After reviewing plaintiff's case, ALJ Wilenkin decided that plaintiff was not under a disability within the meaning of the Social Security Act. (Tr. 14).

ALJ Wilenkin applied the five-step sequential analysis set out in the SSA's regulations to determine whether plaintiff qualified for benefits. 20 C.F.R. § 404.1520(b)-(f). At step one, the ALJ found that plaintiff had not engaged in substantial work activity since September 12, 2002. (Tr. 15). At steps two and three, the ALJ found that plaintiff has spinal facet joint arthropathy, carpal tunnel syndrome, vertigo, mild sleep apnea, fibromyalgia, and adjustment disorder with symptoms of depression and anxiety but retains the capacity to perform basic work activities. (Tr. 15-16). At step four, the ALJ decided that plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 16). Based on the evidence plaintiff presented, the ALJ concluded at step five that "[a]lthough it is evident that claimant has a severe impairment, the limitations alleged by her are too severe in light of the objective evidence." (Tr. 19). The ALJ also concluded that plaintiff's adjustment disorder does not cause more than mild to moderate symptoms. (Tr. 18). Consequently, the ALJ decided that plaintiff was capable of performing unskilled sedentary work with a sit/stand option. (Tr. 20).

After receiving the ALJ's unfavorable decision, plaintiff appealed to the Appeals Council

2

but the Appeals Council denied her request for review. (Tr. 1-4). Subsequently, plaintiff filed the instant complaint for judicial review of the denial of benefits pursuant to 42 U.S.C. § 405(g).

On September 4, 2009, the Honorable Avern Cohn referred this case to this court for the resolution of all non-dispositive motions and the issuance of a Report and Recommendation. (Doc. No. 3).

## III. Standard of Review

Plaintiff seeks review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g), which provides, in part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

Judicial review under § 405(g) is limited to a determination of whether the ALJ's findings are supported by substantial evidence and whether the ALJ applied the proper legal standards. *Brainard v. Secretary of HHS*, 889 F.2d 679, 681 (6th Cir. 1989); *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997). The Sixth Circuit stated in *Brainard*, 889 F.3d at 681, that "[s]ubstantial evidence is more than a mere scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." "[The] decision of an ALJ is not subject to reversal, even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key*, 109 F.3d at 273.

## IV. Analysis

Plaintiff first argues that the ALJ's decision that she is capable of engaging in a limited range of sedentary work is not supported by substantial evidence. (Pl.'s Br. 9). Plaintiff argues that "[t]here are no medical records indicating that the Plaintiff could be employed." (Pl.'s Br. 10). Plaintiff also contends that the ALJ erred by finding that "'the record lacks any legitimate diagnosis from an actual rheumatologist.'" (Pl.'s Br. 14; Tr. 17). Plaintiff asserts that if the ALJ had properly reviewed the objective evidence and her daily activities, the only conclusion he could have come to was that she is disabled. (Pl.'s Br. 14). For these reasons, plaintiff seeks reversal of the ALJ's decision.

The Commissioner responds that the ALJ's decision that plaintiff can perform simple, unskilled sedentary work, with the option to sit and stand, is supported "by every medical professional who expressed an opinion as to Plaintiff's residual functional capacity." (Def.'s Br. 8). The Commissioner further argues that none of the medical professionals who treated or examined plaintiff opined that she was totally disabled or unable to perform a limited range of sedentary work. (Def.'s Br. 8-9). The Commissioner notes that plaintiff's subjective complaints of pain and limitations are insufficient to establish disability. (Def.'s Br. 9). The Commissioner, therefore, asks this court to affirm the ALJ's decision that plaintiff can perform some work.

There is substantial evidence in the record to support the ALJ's conclusion that plaintiff can perform simple, unskilled sedentary work, if she has the option to sit and stand. The court notes that the ALJ's reliance on the fact that plaintiff does not have a diagnosis from a rheumatologist is misplaced. The opinions from plaintiff's treating and examining physicians that plaintiff has fibromyalgia and the medical evidence that plaintiff has multiple trigger points is sufficient to show that plaintiff, indeed, has fibromyalgia. Nonetheless, this error does not require reversal because

4

there is ample evidence in the record that plaintiff is capable of performing some types of work, even with fibromyalgia. As noted by the Commissioner, none of plaintiff's treaters or examiners opined that she was completely incapable of working. Nancy Sarti, the disability examiner who performed plaintiff's physical residual functional capacity assessment, opined that plaintiff's ability to work was limited by her ability to sit, stand, and walk, and perform repetitive actions. (Tr. 390). These limitations were incorporated into the hypothetical proposed to the vocational expert. The other limitations plaintiff proposes are not taken from the medical evidence, but, rather, her subjective complaints of pain and limitations that she made to her treaters and examiners. Plaintiff's subjective assessment of her limitations alone cannot establish disability. Because the ALJ's assessment of plaintiff's capability to work is supported by substantial evidence in the record, the court recommends denying plaintiff relief on this ground.

Plaintiff next argues that the ALJ erred in assessing her credibility. Plaintiff asserts that the ALJ wrongly rejected her testimony about the side-effects of her medication and the severity of her symptoms because he incorrectly found contradictions between the objective evidence and her statements at the hearing. (Pl.'s Br. 16).

The Commissioner responds that the ALJ correctly concluded that plaintiff was not credible based on the objective medical evidence, plaintiff's conservative treatment, her medications, and the inconsistent statements she made over time. (Def.'s Br. 10). The Commissioner also highlights the fact that the medical evidence reveals that plaintiff walks with a normal gait, has full ranges of joint motion, and normal grip strength, which is a direct contradiction of plaintiff's testimony at the hearing. (Def.'s Br. 10). Inconsistences between plaintiff testimony about her medication side-effects and her treatment records were also present and properly noted by the ALJ. (Def.'s Br. 10).

5

Plaintiff's arguments that the ALJ's credibility determination was not supported by substantial evidence lack merit. The administrative record supports the ALJ's finding that plaintiff's testimony regarding her limitations was not entirely credible. The objective medical evidence shows that plaintiff's symptoms were managed with a conservative treatment regime and the medical evidence shows that her ability to move was quite normal, in contrast to plaintiff's testimony. In addition, the medical evidence supports the ALJ's conclusion that plaintiff overstated the groggy side-effect of her medication. The only medical record that supports plaintiff's claim that her medication makes her groggy, is a 2002 record from Oaklawn Hospital in which she reported that the morphine prescribed made her a "little groggy." (Tr. 194). Plaintiff's most recent medical records, from 2009, do not have any complaints of medication side-effects. (Tr. 445-562). There is nothing inherently erroneous in the ALJ's decision to rely on his own reasonable assessment of the record over the claimant's personal testimony. *See* S.S.R. 96-7p (stating that ALJs may rely on "[s]tatements and reports from the individual and from treating or examining physicians or psychologists and other persons about the individual's medical history" to assess credibility). Thus, in light of this court's deferential approach to credibility assessments, plaintiff has failed to demonstrate that the ALJ's adverse-credibility finding was not supported by substantial evidence.

Lastly, plaintiff argues that the ALJ misconstrued the evidence of plaintiff's depression by accepting the non-examining opinion of Dr. Csoksay and stating that Dr. Csoksay's findings were consistent with Dr. Hayter, an examining physician. (Pl.'s Br. 18). Plaintiff complains that Dr. Csoksay's opinion that she has mild to moderate depression is not consistent with Dr. Hayter's finding that she has a Global Assessment of Function score of 50, which indicates serious symptoms. (Pl.'s Br. 18).

The Commissioner responds that a claimant's GAF score is not determinative of an individual's disability, nor has she shown that a GAF score of 50 requires a finding of disability. (Def.'s Br. 11).

In finding that plaintiff suffers from mild to moderate depression symptoms, the ALJ relied on opinions from Dr. Csoksay, a non-examining psychologist, and Dr. Hayter, an examining psychologist. (Tr. 18). The ALJ found that the opinion of these two psychologists were "largely consistent." This court agrees. Although Dr. Hayter assessed plaintiff a GAF score of 50, the GAF score is not a determinate factor in assessing a claimant's mental residual functional capacity. That fact, combined with Dr. Csoksay's opinion that plaintiff can perform simple and routine tasks, supports the ALJ's decision that plaintiff is not completely disabled by her depression, a condition which she has not sought psychological treatment. For these reasons, the court recommends affirming the ALJ's conclusion that plaintiff is not disabled due to her mental condition.

## V. Conclusion

For the reasons stated above, the court recommends that the Commissioner's motion for summary judgment be **GRANTED**, that plaintiff's motion for summary judgment be **DENIED**, and that plaintiff's complaint be **DISMISSED WITH PREJUDICE**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir. 1991). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report

and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

S/Virginia M. Morgan  
Virginia M. Morgan  
United States Magistrate Judge

Dated: June 30, 2010

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System and/or U. S. Mail on June 30, 2010.

s/Jane Johnson  
Case Manager to  
Magistrate Judge Virginia M. Morgan