UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

REBECCA LYNN KLEIN,

    Plaintiff,

-vs-

                                              Case No. 09-13516
                                              HON. AVERN COHN

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

**MEMORANDUM AND ORDER**
**ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
**AND**
**GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**
**AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

### I. Introduction

This is a Social Security case. Plaintiff Rebecca Klein (Klein) appeals from the final decision of the Commissioner of Social Security (Commissioner) denying her application for Social Security disability benefits. Klein claims disability since 2002, due to fibromyalgia, neuropathy, vertigo, anxiety, carpal tunnel, herniated cervical discs, sleep apnea, and bursitis.

The parties filed cross motions for summary judgment. The motions were referred to a Magistrate Judge (MJ) for a report and recommendation (MJRR). The MJ recommends that Klein's motion for summary judgment be denied and that the Commissioner's motion for summary judgment be granted. Klein filed timely objections to the MJRR. For reasons that follow, the Court adopts the MJRR.

### II. Background

### A. Facts

1

The MJRR sets forth the facts, many of which are repeated here.

**1.**

This is Klein's second application for disability benefits. Klein's first application alleged a March 11, 2000, disability onset date and was denied by an Administrative Law Judge (ALJ) on September 11, 2002.

**2.**

Klein's second application for disability benefits was filed on November 15, 2006, alleging a September 12, 2002, onset of disability, due to fibromyalgia, neuropathy, vertigo, anxiety, carpal tunnel, herniated cervical discs, sleep apnea, and bursitis.[1] Klein's application was denied on March 23, 2007, and a hearing was held before an ALJ on March 10, 2009, at Klein's request. The ALJ issued a decision denying benefits, finding that Klein did not have a disability as defined under the Social Security Act. The Appeals Council later denied review.

Klein then brought this action for judicial review, arguing that 1) the ALJ's decision that she is capable of engaging in a limited range of sedentary work is not supported by substantial evidence, 2) the ALJ erred in assessing her credibility related to the severity of her symptoms, and 3) the ALJ erred in finding that her depression is not a disability. The MJRR rejected Klein's assertions and found that there is substantial evidence in the record to support the ALJ's decisions on all three counts.

### B. MJRR Objections

Klein now objects to the MJRR on the same grounds that the MJ erred 1) in

---

[1] As noted in the ALJ's Decision, Klein's second application states an alleged onset disability date of September 12, 2002, which is one day after Klein's first application was denied, on September 11, 2002.

concluding she was not disabled as defined under the Social Security Act, despite her fibromyalgia diagnosis and what she asserts is "ample opinion evidence" about her inability to perform sedentary work, 2) in supporting the ALJ's adverse credibility determination related to her symptoms, and 3) in disregarding her Global Assessment Function (GAF) score of 50 when concluding that her depression is not a disability.

## III. Standard of Review

Judicial review of a Social Security disability benefits application is limited to determining whether the "the commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 528 (6th Cir. 1997). A reviewing court may not resolve conflicts in the evidence or decide questions of credibility. Brainard v. Sec'y of HHS, 889 F.2d 679, 681 (6th Cir. 1989). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). It is "more than a scintilla but less than a preponderance." Consol. Edison Co. v. NLRB, 305 U.S. 197, 299 (1938). The substantiality of the evidence must be based upon the record taken as a whole. Futernick v. Richardson, 484 F.2d 647, 649 (6th Cir. 1973). The substantial evidence standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference with the courts." Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986). The portions of the MJRR that the claimant finds objectionable are reviewed *de novo.* 28 U.S.C. § 636(b)(1)(C); Smith v. Detroit Fed'n of Teachers, Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987).

## IV. Discussion

As stated, Klein raises three objections to the MJRR. For the following reasons, the Court finds the objections to be without merit.

### A. Substantial Evidence of Ability to Perform Sedentary Work

First, Klein says that the MJ erred in finding that she is able to perform sedentary work because the decision ignores ample evidence to the contrary from her own treating physicians. Klein asserts that her treating physician's opinions should be given more weight than a non-treating physician. Smith v. Comm'r of Soc. Sec., 482 F.3d 873, 875 (6th Cir. 2007).

Indeed, Smith states that the Commissioner should "give more weight to the opinion of a source who has examined [the claimant] than to the opinion of a source who has not examined her." Smith, 482 F.3d at 875 (quoting 20 C.F.R. § 404.1527(d)(1)) (internal quote marks omitted). Here, however, the treating and non-treating physician opinions are consistent with the ALJ's assessment in that no physician states that Klein is disabled, nor do they state that she is unable to perform sedentary work activities. Further, Klein's characterization of Dr. Guernsey's and Dr. Newcomb's statements, which she uses to support her argument, is inaccurate. Particularly, the statements that "Klein has difficulty with almost all activities of daily activities of daily living," that she has "severe fatigue," and that "the problem interfere[s] with her daily activities of living" are symptoms that she reported to the physicians and not the physicians' medical opinions. In fact, the physicians do not opine that she has greater restrictions than that determined by the ALJ. Rather, they diagnose Klein with fibromyalgia, which standing alone does not require a disability finding.

Finally, Klein says that an opinion by treating physician Dr. Englemen that "she is

4

unable to work" proves her work limitations. This statement too is presented out of context, as it is again a record of Klein's reported symptoms and not Dr. Englemen's opinion. Dr. Englemen simply concludes that Klein suffers from certain medical conditions, including fibromyalgia, osteoarthritis (OA), congestive heart failure (CHF), and narcolepsy.

Thus, the Court agrees that the Commissioner's decision to deny benefits was within the allowable "zone of choice" and that it was supported by substantial evidence from both treating and non-treating physicians, consistent with Smith.

### B. Substantial Evidence of Adverse Credibility Assessment

Next, Klein says that the ALJ's adverse credibility finding is not supported by substantial evidence. Klein seems to further suggest that her fibromyalgia diagnosis proves the accuracy of her reported symptoms and, thus, her disability.

An ALJ's findings regarding a claimant's credibility "are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility." Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 531 (6th Cir. 1997). Any credibility assessment made by an ALJ must be supported by substantial evidence in the record. Id. However, "there is nothing patently erroneous in the ALJs decision to rely on her own reasonable assessment of the record over the claimant's personal testimony." White v. Comm'r of Soc. Sec., 572 F. 3d 272, 287 (6th Cir. 2009).

Here, the ALJ found that Klein's testimony about her work limitations lacked credibility because of her conservative treatment regime, medical opinion evidence that her ability to move was normal, and evidence that shows Klein over-stated medication

5

side effects. Regarding the latter, in 2002 Klein reported that morphine made her a "little groggy," and in 2009 Klein reported no medication side effects at all.

Thus, the Court agrees that there is substantial evidence to support the ALJ's adverse credibility finding, especially in light of the deference given to ALJ's related to these determinations.

### C. Substantial Evidence of Moderate Depression

Lastly, Klein argues that the ALJ erred by not considering her GAF score of 50 when weighing the evidence regarding her depression.[2] Klein says that, while the GAF score alone is not determinative, it should have been considered when determining whether her depression is a disability. This argument is without merit.

"While a GAF score may be of considerable help to the ALJ in formulating the [residual functional capacity (RFC)], it is not essential to the RFC's accuracy." Howard v. Comm'r of Soc. Sec., 276 F.3d 235, 241 (6th Cir. 2002). Further, an ALJ is not required to reference the GAF score in making a disability determination. Id.; see also Smith, 572 F.3d at 284 (lack of mental disability decision affirmed where ALJ reasonably weighed medical evidence and not GAF score in the high 40s, low 50s). Finally, a GAF score of 50 does not require a disability finding. DeBoard v. Comm'r of Soc. Sec., 211 F. App'x 411, 415 (6th Cir. 2006).

Here, the ALJ relied on opinions from both a non-examining physician and an examining psychologist and found that the two opinions were "largely consistent" related to Klein's depression in that they found symptoms of depression, but also concluded

---

[2] See White v. Comm'r of Soc. Sec., 572 F. 3d 272, 287 (6th Cir. 2009) ("A GAF of 41 to 50 means that the patient has serious symptoms . . . OR any serious impairment in social, occupational, or school functioning (e.g., no friends, unable to keep a job).").

6

that she was able to perform simple and routine tasks. Further, the ALJ considered testimony from a vocational expert who stated that a hypothetical person in Klein's condition could perform a significant number of sedentary level jobs including working as a cashier, surveillance monitor, or information clerk. Klein asserts that the hypothetical is defective because it failed to include her reported limitation of a required two hour rest period during the work day. Klein relies on Dr. Newcomb's medical opinion to support this limitation, however, his opinion does not state that she requires rest during the workday. Rather, Dr. Newcomb's opinion notes Klein's reported symptoms of severe fatigue for which he suggests continued evaluation and treatment. Finally, the ALJ appropriately considered that Klein has not sought psychological treatment for her depression. See White, 572 F.3d at 283 ("A reasonable mind might find that the lack of treatment . . . indicate[s] an alleviation of symptoms.").

Thus, the Court agrees that the ALJ reasonably weighed the evidence and found that Klein is not disabled due to her mental condition.

## V. Conclusion

For the reasons stated above and in the MJRR, Klein's motion for summary judgment is DENIED and the Commissioner's motion for summary judgment is GRANTED. The case is DISMISSED.

SO ORDERED.

Dated: September 3, 2010         S/Avern Cohn
                                 AVERN COHN
                                 UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, September 3, 2010, by electronic and/or ordinary mail.

                                 S/Julie Owens
                                 Case Manager, (313) 234-5160